CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 29 2012

JULIA C. DUDLEY, CLERK
BY:
/s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY D. MUSTARD ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:12CV00146 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| NEW RIVER VALLEY REGIONAL JAIL ) | |
| ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| Defendant. ) | |

This is an action pursuant to 42 U.S.C. § 1983 by plaintiff, Gary Dean Mustard, who is proceeding *in forma pauperis*, against the New River Valley Regional Jail ("NRVRJ") alleging tersely that after being arrested on February 3, 2011, by a Pulaski County, Virginia officer and transported to NRVRJ, an officer at the jail (who Mustard does not name) "tortured" Mustard. The Court finds that Mustard's complaint fails to state a claim against NRVRJ and dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim upon which relief may be granted." "[A] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citations omitted). The court construes *pro se* complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." See id. (internal quotation marks and citation omitted). Even still, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009 (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see also Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[While pro se complaints] must be held to less stringent standards than formal pleadings[,] . . . even a pro se complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct.") (internal quotation marks and citations omitted).

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). Here, Mustard fails to link any policy of the NRVRJ, a local jail, to any of that defendant's alleged acts. Accordingly, the court will dismiss the claims against NRVRJ under § 1915A for failure to state a claim upon which relief may be granted.

### III.

For the reasons stated, the court dismisses Mustard's complaint pursuant to 18 U.S.C. § 1915 (e)(2)(B)(ii) without prejudice.[1]

**ENTER:** March 29, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Section 1951(e) applies to all *in forma pauperis* filings "in addition to complaints filed by prisoners[.]" Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). Accordingly, it is the proper vehicle to dismiss Mustard's complaint.